**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-2509**

---

DOGWOOD REALTY, INCORPORATED, a Virginia
Corporation,

                                    Plaintiff - Appellant,

        and

NAZIR CHAUDHARY, M.D.,

                                    Plaintiff,

        versus

RAY GOODWIN, individually and in his official
capacity as Deputy Commissioner of the
Virginia Department of Social Services;
CAROLYNNE H. STEVENS, individually and in her
official capacity as Director, Divisions of
Licensing Programs; MARY GUERRANT GOODWIN,
individually and in her official capacity as
Licensing Administrator; CHERYL H. MORRIS,
individually and in her official capacity as
Licensing Specialist; BARRY A. CAIN,
individually and in his official capacity as
Licensing Specialist; SUSAN HACKNEY,
individually and in her official capacity as
Licensing Administrator; DENYCE BONAPARTE,
individually and in her official capacity as
Licensing Administrator; YVONNE RANDOLPH,
individually and in her official capacity as
Licensing Specialist,

                                    Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Dennis W. Dohnal, Magistrate
Judge. (CA-03-271-3; CA-03-508-3)

Argued: September 21, 2005            Decided: October 28, 2005

Before LUTTIG, Circuit Judge, HAMILTON, Senior Circuit Judge, and James C. DEVER, III, United States District Judge for the Eastern District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Harold Emmett Lucas, Jr., Warrenton, North Carolina, for Appellant. Allen Tate Wilson, General Counsel, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees. **ON BRIEF:** Judith Williams Jagdmann, Attorney General, William E. Thro, State Solicitor General, Maureen Riley Matsen, Deputy Attorney General, Edward M. Macon, Senior Assistant Attorney General/Chief, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant-Dogwood Realty, Inc., owner and operator of several assisted living facilities in Virginia, sued various state employees under a variety of federal causes of action, alleging racial discrimination with respect to the licensing and monitoring of its assisted living facilities. A magistrate judge dismissed most of the claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and dismissed the remaining claims under Fed. R. Civ. P. 56, on summary judgment. In this appeal, Dogwood contends that the magistrate judge erroneously dismissed a First Amendment retaliation claim, which it maintains the complaint alleges, and that the magistrate judge improperly imposed a heightened pleading standard in dismissing some of Dogwood's claims under 42 U.S.C. § 1981.[1] For the reasons that follow, we affirm.

I.

Prior to February 2001, licensing inspectors of the Virginia Department of Social Services (DSS) found "numerous, persistent, and recurrent" compliance issues with assisted living facilities owned by appellant. J.A. 1302. In turn, Dogwood sent letters to

---

[1]Appellant raises a number of additional claims with respect to the magistrate judge's orders. These grounds for appeal are meritless and the orders of the magistrate judge with respect to them are affirmed on the reasoning below.

-3-

high-ranking Virginia officials alleging that it was being cited for minor violations because it was owned by a member of a racial minority. Id. at 45, 46, 49. In February of 2001, the decision was made to deny or terminate the licenses of several Dogwood-owned facilities. Id. at 1302. Appellant began the state administrative appeal process, but ultimately withdrew its appeals, id. at 1302-03, and filed the instant suit in the Eastern District of Virginia. In its Third Amended Complaint, appellant asserted a number of claims of racial discrimination in the licensing decisions and the state administrative process. See id. at 19-44. The majority of the claims were dismissed under Fed. R. Civ. P. 12(b)(6), including, of relevance here, some of appellant's claims under section 1981. Id. at 116-18. The balance of claims, including the remainder of the section 1981 claims, were dismissed on summary judgment. Id. at 1294. This appeal followed.

## II.

Appellant contends that the magistrate judge erred in dismissing a First Amendment retaliation claim in its Third Amended Complaint. We conclude that no First Amendment claim was evident on the face of the complaint, and that the district court did not err in its dismissal of the complaint as pled.

Appellant asserts, based on the following facts, that there was a First Amendment retaliation claim pled in the Third Amended

-4-

Complaint: Paragraphs 16 and 17 allege that appellant sent letters, attached as exhibits to the complaint, to high ranking Virginia officials complaining of discriminatory treatment by DSS staff and that the staff therein complained about "ultimately discovered the existence of the complaint letter[s]." Id. at 23; id. at 45, 46 (exhibits). Paragraphs 18-20 allege that correspondence continued between appellant and various government officials. Id. at 24. Finally, five paragraphs in the complaint, employing slightly different formulations with no relevant distinctions for purposes of this appeal, use the word "retaliate." For example, Paragraph 21 alleges that defendants:

> entered into a continuing conspiracy and agreed to retaliate and invidiously discriminate against [appellant], on account of race, color and national origin, and in furtherance thereof intentionally committed all of the herein acts, omissions and conduct, in violation of U.S.C. 42, §§ 1985, 1983, 1981, 1982, and the 5th (Due Process) and 14th (Privileges & Immunities, Due Process and Equal Protection) Amendments to the U.S. Constitution).

Id.; see also id. at 24 (Paragraph 22); id. at 25 (Paragraph 25); id. at 29 (Paragraph 39).

In assessing whether appellant raised a First Amendment retaliation claim, the inquiry is whether the complaint "[gave] the defendant[s] fair notice" of such a claim and "the grounds upon which it rest[ed]." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Appellant complained of racial discrimination to the government and, using the various formulations of Paragraph 21

cited above, that defendants thereafter "agreed to retaliate and invidiously discriminate against [it], on account of race, color and national origin," see, e.g., id. at 24. The complaint consistently alleges that the retaliation was "on account of race, color and national origin," see, e.g., id., rather than on account of the exercise of First Amendment rights in seeking redress for governmental racial discrimination. And the provisions of law that appellant repeatedly claims were violated did not include the First Amendment. Moreover, in granting in part and denying in part the defendants' motion to dismiss, the magistrate judge explicitly denominated "the only claims remaining", id. at 148, and did not discuss a retaliation claim as either a dismissed claim or a viable claim. Yet appellant did not request that the magistrate judge clarify his order such as to preserve a First Amendment retaliation claim.

Under these circumstances, the defendants were entitled to proceed on the understanding that appellant alleged at most statutory civil rights retaliation claims only.[2] There simply is nothing in appellant's allegations, or otherwise, that would have placed defendants on notice that appellant was claiming that his First Amendment right not to be retaliated against for protected

_____

[2]To the extent that any statutory civil rights retaliation claim was improperly dismissed, appellant has abandoned that claim since its appeal explicitly challenges only the improper dismissal of its section 1983 claim. See Appellant's Br. at 7.

-6-

expression had been violated.  The magistrate judge himself did not suspect that appellant intended to make a First Amendment retaliation claim until summary judgment, see id. at 1300, when appellant more explicitly referenced his "freedom of speech," id. at 429.

III.

The magistrate judge properly applied Fourth Circuit precedent governing Rule 12(b)(6) pleading standards in dismissing some, but not all, of appellant's section 1981 claims.  Construed in its best light, Dogwood's appeal focuses on the following statement by the magistrate judge:  "In order to state a claim under § 1981 based on indirect proof, as here, a plaintiff . . . must first establish a prima facie case under the same burden-shifting analysis required for Title VII actions."  J.A. 130 (second emphasis in original). Appellant argues that this statement is inconsistent with the Supreme Court's holding in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002), that "an employment discrimination plaintiff [under Title VII] need not plead a prima facie case of discrimination . . . [in order] to survive [a] motion to dismiss."

However, "[o]ur circuit has not . . . interpreted Swierkiewicz as removing the burden of a plaintiff to allege facts sufficient to state all the elements of [its] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v.

<u>Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002)). In other words, "[w]hile a plaintiff is not charged with pleading facts sufficient to prove [its] case, as an evidentiary matter, in [its] complaint, a plaintiff <u>is</u> required to allege facts that support a claim for relief." <u>Id</u>. The magistrate judge correctly applied this test, as the only section 1981 claims dismissed were those where there were "no facts alleged in . . . the Complaint that might show or even allow an inference that any defendant intentionally discriminated against Dogwood because of race or national origin," J.A. 132; discriminatory intent is, of course, an element of section 1981 actions, <u>see</u> <u>General Bldg. Contractors Ass'n, Inc.</u> v. <u>Pennsylvania</u>, 458 U.S. 375, 391 (1982). That the magistrate judge correctly applied this Circuit's test is confirmed by the fact that he denied the motion to dismiss with respect to those portions of the complaint that <u>did</u> allege facts sufficient to state the element of intentional discrimination. J.A. 132-33. The dismissal of some of appellant's section 1981 claims at the Rule 12(b)(6) stage therefore was not error.

## CONCLUSION

For the reasons stated herein, the orders of the magistrate judge are affirmed.

<u>AFFIRMED</u>